**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | **CASE NO. 9:11-CR-00026-MAC** |
| | § | |
| **v.** | § | |
| | § | |
| **ROBIN LEWIS ROBLEDO,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**<u>REPORT & RECOMMENDATION OF</u>**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

On August 24, 2026, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Robin Lewis Robledo. The government was represented by Emil Mikkelsen, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by David W. Barlow, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession of Materials Involving the Sexual Exploitation of Minors, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 28 and with a criminal history category of II, was 87 to 108 months. On February 01, 2012, U.S. District Judge Ron Clark[1] sentenced Defendant to 98 months imprisonment, followed by a 10-year term of supervised release subject to the standard conditions of release, plus special conditions to include sex offender registration, financial disclosure to verify employment, substance abuse testing and treatment, sex offender testing and treatment, restrictions from contact with minors,

[1] On February 02, 2026, this case was reassigned to U.S. District Judge Marcia A. Crone.

restrictions from internet, computers, cameras, and internet-capable devices, restrictions from sexually explicit material, and a sex offender search requirement. On February 05, 2026, the court modified these conditions to include a 180-day placement in a residential reentry center, beginning immediately upon release, due to Defendant's homeless status. On April 07, 2026, Defendant completed his period of imprisonment and began serving his supervision term.

Under the terms of supervised release, Defendant was prohibited from purchasing, possessing, having contact with, or using various devices including cellular telephones with photographic and/or internet capability.

In Allegation 2 of its petition, the government alleges that Defendant violated a condition of supervised release by admitting to possessing and using an unauthorized smartphone with internet and photo capability from his April 2026 release date until June 2026. Defendant allegedly reported using the camera on the phone on several occasions and accessing the internet on the phone without authorization.

If the court finds by preponderance of the evidence that Defendant violated the condition of supervised release as alleged in the government's petition, Defendant will have committed a Grade C violation. U.S.S.G. § 7C1.1(a). Upon finding a Grade C violation, the court may revoke supervised release. U.S.S.G. § 7C1.3(b). Considering Defendant's criminal history category of II, the Guideline imprisonment range for a Grade C violation is 4 to 10 months. U.S.S.G. § 7C1.5. The statutorily authorized maximum term of imprisonment is 2 years. 18 U.S.C. § 3583(e)(3).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the condition of supervision referenced in Allegation 2. In exchange, the government recommended to the court a sentence of 7 months, followed by a new 10-year term of supervised release.

The court therefore **RECOMMENDS** that Defendant Robin Lewis Robledo's plea of true be accepted and that he be sentenced to 7 months imprisonment, with a 10-year term of supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at the Federal Correctional Institute in Seagoville, Texas, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 25th day of August, 2026.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE